UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:21-CV-00049-EBA

SHARON DAHLENBURG,                                                                  PLAINTIFF,

V.                          **MEMORANDUM OPINION & ORDER**

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,                                           DEFENDANT.

*** *** *** ***

This matter is before the Court on Plaintiff Sharon Dahlenburg's Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). [R. 23]. The Acting Commissioner of Social Security (the "Commissioner") opposes the motion, arguing that the number of hours and the hourly rate requested are unreasonable. [R. 25]. Dahlenburg replied in support of her motion. [R. 26]. Thus, Dahlenburg's motion is ripe for review.

## I. BACKGROUND

Dahlenburg filed suit against the Commissioner on October 4, 2021, after her claim for disability benefits was denied. [R. 1]. On April 28, 2022, Dahlenburg filed a Motion for Summary Judgment. [R. 18]. Shortly thereafter, the Commissioner moved for a remand pursuant to Sentence Four of 42 U.S.C. § 405(g). [R. 20]. The Court granted the Commissioner's motion. [R. 21]. Following remand, Dahlenburg filed a Motion for Attorney Fees under the EAJA. Here, Dahlenburg's attorney, Alvin D. Wax, requests $8,525 in fees, representing 34.10 hours at $250 per hour; and costs and expenses in the amount of $426.68. [*Id.*].

Under the EAJA, "a court shall award fees and other expenses to a prevailing party, other

than the United States, in any civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust." *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (citing 28 U.S.C. § 2412(d)(1)(A)).  A request for attorney's fees under the EAJA, further, requires that (1) the claimant must be the prevailing party; (2) the government's position must not have been "substantially justified"; (3) no special circumstances existed to make an award unjust; and (4) the request must be timely.  *Id.*; *see also* 28 U.S.C. § 2412(d)(1)(A)–(B).

A party who obtains a Sentence Four remand in a Social Security case is deemed the prevailing party for EAJA purposes.  *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) ("Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets [the prevailing party] description.").  Consequently, and over no contest by the Commissioner, Dahlenburg is deemed the prevailing party.  Furthermore, the Commissioner does not raise a substantial justification argument, nor allege that Dahlenburg's motion is untimely.  Rather, the Commissioner contends that hours billed and the hourly rate are unreasonable and that the award should be reduced accordingly.

## II. DISCUSSION

"Generally, an inquiry into the reasonableness of attorneys' fees involves a determination of the suitability of the number of hours expended and an analysis of the propriety of the hourly fee charged." *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 221 (6th Cir. 1993).  To calculate attorney's fees, the Court utilizes the lodestar calculation to find the "product of the number of hours billed and a reasonable rate." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citation omitted).  "The lodestar is strongly presumed to yield a reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

### A. Reasonableness of Hours

The Commissioner lodges four principal objections to the number of hours requested, which the Court shall address in turn below.

### 1. Reviewing Administrative Record and Preparing Opening Brief

First, the Commissioner argues that the itemized hours dedicated to counsel's review of the administrative record and preparing the opening brief—29.05 hours—is unreasonable and should be reduced.  [R. 25 at pg. 2–3].  The entries at issue are as follows:

| Date | Service Provided | Time |
|------|------------------|------|
| 8/8/21 | Review and evaluate ALJ unfavorable decision for lawsuit[1] | 1.85 |
| 4/12/22 | Begin annotation of transcript, 3065 pages | 3.35 |
| 4/13/22 | Annotate transcript | 1.35 |
| 4/14/22 | Annotate transcript | 3.15 |
| 4/16/22 | Annotate transcript | 2.65 |
| 4/18/22 | Annotate transcript | 2.25 |
| 4/21/22 | Complete annotation | 1.65 |
| 4/22/22 | Review and evaluate notes; research | 2.75 |
| 4/23/22 | Complete research, begin rough draft memorandum | 2.90 |
| 4/24/22 | Rough draft | 2.50 |
| 4/25/22 | Review and rewrite rough draft | 2.25 |
| 4/26/22 | Review citations and page numbers | 1.65 |
| 4/27/22 | Review and correct final draft | 0.75 |

[R. 23-3 at pg. 1–2].

The Commissioner asserts that the hours relating to reviewing the record and preparing an opening brief are unreasonable because Dahlenburg's counsel in the instant action also represented Dahlenburg during the administrative proceeding.  Because "counsel was already familiar with the evidence of the issue in this case[,]" the Commissioner contends that it is unreasonable for counsel to have taken 29.05 hours to review the record and prepare a brief.  [R. 25 at pg. 3].  While admitting that the record in this case "is longer than often seen in this District," the Commissioner

---

[1] The Court shall also assess this entry when assessing whether Dahlenburg may request attorney's fees for activities performed in a prior administrative proceeding.  *See* discussion *infra* Section II.A.4.

suggests that counsel's familiarity with the record from the administrative proceeding should result in streamlined hours dedicated to this litigation. [*Id.* at pg. 2]. The Commissioner does not cite to any authority for this proposition. However, this Court has acknowledged that, in a social security case, an attorney may incur additional billable hours which she would not have incurred had she been involved in an earlier administrative proceeding. *Brauntz v. Astrue*, No. 11-102-JBC, 2013 U.S. Dist. LEXIS 57, at *5 (E.D. Ky. Jan. 1, 2013) (authorizing payment for drafting *pro hac vice* motion where *pro hac vice* counsel represented plaintiff at earlier social security proceeding). Other district courts have weighed an attorney's familiarity with the record as relevant, but not dispositive, when determining the reasonableness of the hours billed. *Holman v. Comm'r of Soc. Sec.*, No. 1:19-cv-4393 (PGG)(KHP), 2021 U.S. Dist. LEXIS 135484, at *6 (S.D.N.Y. July 19, 2021) (recognizing "counsel's experience and familiarity with the record based on representation of the claimant during administrative proceedings are relevant to a determination of reasonable hours" but, "[a]t the same time, the Court looks at each case on its own merits, including the length of the administrative record and the number of issues"); *Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 U.S. Dist. LEXIS 35373, at *19 (S.D. Ohio Mar. 14, 2013) (noting that counsel's assertions regarding the complexity of plaintiff's claims were undercut by counsel representing the plaintiff "throughout the administrative proceedings for a period of four years" prior to filing the lawsuit).

Here, Dahlenburg justifies the above itemized hours by pointing to the sheer length of the administrative transcript—which is 3,065 pages in length. [R. 26 at pg. 2]; *see also* [R. 16-1]. She also points to a recent social security case in this district where the Court awarded the plaintiff $6,184.09 in attorney's fees for 29.10 hours of work. *Smith v. Kijakazi*, No. 0:20-CV-00092-CHB (E.D. Ky., Aug. 1, 2022). Thus, Dahlenburg contends, "if 29.10 hours is reasonable for 878 pages, then 34.10 hours is reasonable for over three times that number of pages." [R. 26 at pg. 2].

Of course, the total of 29.10 hours in *Smith* included other services rendered apart from the review and annotation of the administrative record, just as the 34.10 hours in this case includes unrelated services.   In this case, Dahlenburg's counsel billed 14.4 hours for reviewing and annotating the administrative transcript, which is 3,065 pages long, or 3.5 pages per minute. [R. 23-3 at pg. 1].   In *Smith*, the administrative transcript was 4,564 pages, but Smith's counsel only billed 11.8 hours for the review and annotation of 878 pages, or 1.2 pages per minute. Comparing Dahlenburg's hours billed to those billed in *Smith*, solely examining time dedicated to the review of the administrative record, it appears that Dahlenburg's counsel reviewed the administrative record at twice the speed as the counsel in *Smith*.   Moreover, *Smith* (and the time required to review and/or annotate the administrative record therein) does not appear to be an outlier compared to other recent cases in this district.   *See e.g.*, *Ison v. Kijakazi*, No. 7:21-CV-00070-JMH (E.D. Ky. 2021) (billing 17.2 hours for reviewing an administrative record 1,805 pages in length, or 1.6 pages per minute); *Mascunana v. Kijakazi*, No. 2:21-CV-00077-DCR (E.D. Ky. 2021) (billing 4.6 hours for reviewing an administrative record 514 pages in length, or 1.8 pages per minute); *Whitaker v. Kijakazi*, No. 5:21-cv-00163-CHB (E.D. Ky. 2021) (billing 5.4 hours for reviewing an administrative record 559 pages in length, or 1.7 pages per minute); *Daily v. Saul*, No. 5:20-cv-00190-DCR (E.D. Ky. 2020) (billing 12.1 hours for reviewing an administrative record 1,408 pages in length, or 1.9 pages per minute).   Thus, the hours billed by Dahlenburg's counsel to review the administrative record are not unreasonable.

Dahlenburg did not respond to the Commissioner's assertion that the hours billed to review the ALJ's decision and prepare an opening brief (14.65 hours to prepare a 15-page brief) is unreasonable because counsel represented Dahlenburg during administrative proceedings.   While counsel's familiarity with the record is certainly relevant to the determination of the reasonableness of the hours billed, the Court does not find that such familiarity merits a reduction of hours when,

otherwise, the hours are reasonable.  *See e.g.*, *Holtman v. Kijakazi*, No. 3:18-cv-00848, 2022 U.S. Dist. LEXIS 34414, at *13 (M.D. Tenn. Feb. 28, 2022) (finding counsel billing 27.2 hours on a 32-page opening brief where the Administrative Record was over 2000 pages long to be reasonable).  "The relevant question is not what is required in most social security cases, but what did this case require."  *Glass v. Secretary of Health & Human Services*, 822 F.2d 19, 20 (6th Cir. 1987).  Thus, the Court finds that the hours billed by Dahlenburg's counsel to prepare a 15-page brief, even considering his familiarity with the record from the prior administrative proceeding and complexity of the issues, is a reasonable amount of time given the volume of the record.

**2. Preparation of EAJA Motion**

Second, the Commissioner argues that hours related to the preparation of Dahlenburg's EAJA motion are unreasonable because "an attorney cannot charge his client for overhead, such as maintaining time records, [because] time spent accumulating time records is not [compensable]."  [R. 25 at pg. 3] (quoting *Reyna v. Astrue*, No. 1:09-cv-00719-SMS, 2011 WL 6100609, at *4 (E.D. Cal. Dec. 6, 2011)).  The entries at issue include:

| Date | Service Provided | Time |
|------|------------------|------|
| 6/30/22 | Prepare rough draft EAJA motion, affidavit, itemization Order | 1.85 |
| 7/6/22 | E-file EAJA motion[2] | 0.25 |

[R. 23-3 at pg. 1–2].

There is no dispute that "time spent preparing, presenting and trying attorney fee applications is compensable."  *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986).  Moreover, this Court has repeatedly awarded attorney's fees for hours billed preparing EAJA motions.  *Whitaker v. Kijakazi*, Civil Action No. 5:21-CV-163-CHB, 2022 U.S. Dist. LEXIS 146739, at *9 (E.D. Ky. Aug. 17, 2022) (finding hours compensable under the EAJA when spent

---

[2] The Court shall also assess this entry when assessing whether Dahlenburg may request attorney's fees for clerical tasks.  *See* discussion *infra* Section II.A.3.

"preparing and finalizing" motion for attorney's fees); *Turner v. Astrue*, No. 06-450-GWU, 2008 U.S. Dist. LEXIS 57576, at *5 (E.D. Ky. July 30, 2008); *Pegg v. Astrue*, No. 7:07-221-KKC, 2008 U.S. Dist. LEXIS 38375, at *14-15 (E.D. Ky. May 12, 2008) (collecting cases); *cf. Ayers v. Astrue*, No. 1:10cv30, 2011 U.S. Dist. LEXIS 130483, at *13 (S.D. Ohio Oct. 18, 2011) (finding time spent preparing EAJA fee petition was compensable pursuant to *Commissioner v. Jean*, 496 U.S. 154, 162 (1990)).  The hours at issue here relate to Dahlenburg's counsel's preparation and filing of a motion for attorney's fees, not mere timekeeping or billing.  Thus, the Court finds hours associated with preparing Plaintiff's motion for attorney's fees are reasonable and, therefore, compensable.

### 3. Clerical Work

Third, the Commissioner argues that Dahlenburg's counsel billed hours that are not compensable under the EAJA because the hours constitute clerical work.  [R. 25 at pg. 4].  The entries identified by the Commissioner that are not compensable are as follows:

| Date | Service Provided | Time |
|---|---|---|
| 10/1/21 | Prepare complaint, summons, civil cover sheet | 0.90 |
| 10/4/21 | E-file lawsuit | 0.25 |
| 10/5/21 | Prepare certified mails summons and file with post-office | 0.75 |
| 10/21/21 | Prepare and file summons with court | 0.35 |
| 4/26/22 | Review citations and page numbers | 1.65 |
| 4/28/22 | E-file Motion for Summary Judgment; cc client | 0.25 |
| 7/6/22 | E-file EAJA motion | 0.25 |

[R. 23-3 at pg. 1–2].

The Commissioner correctly notes that tasks that are clerical in nature are not compensable under the EAJA.  *Justice v. Colvin*, Civil Action No. 5: 14-286-DCR, 2015 U.S. Dist. LEXIS 97253, at *6 (E.D. Ky. July 27, 2015) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). Clerical tasks include "receiving and preparing summons, preparing and filing proof of service, faxing documents, and scheduling hearing dates."  *Id.*; *see also Lay v. Astrue*, 2012 U.S. Dist.

LEXIS 169501, 2012 WL 5988822, at *5–6 (E.D. Ky. Nov. 29, 2012) ("Clerical work involves tasks that do not require legal knowledge, such as filing motions, preparing or reviewing summons, and receiving and filing correspondence."). Dahlenburg does not refute the Commissioner's argument for a reduction of hours on this basis. The Court agrees that the activities logged above are clerical in that they do not require substantive legal knowledge, whether performed by an attorney or non-attorney. Thus, the Court shall reduce the hours requested by Dahlenburg by 4.4 hours.

**4. Work Performed During Administrative Proceedings**

Fourth, the Commissioner argues that Dahlenburg's requested hours should be reduced because she requests hours incurred during administrative proceedings, rather than during the instant civil action. [R. 25 at pg. 5]. Specifically, Dahlenburg itemized the following entry:

| Date | Service Provided | Time |
|------|------------------|------|
| 8/8/21 | Review and evaluate ALJ unfavorable decision for lawsuit | 1.85 |

[R. 23-3 at pg. 1–2].

The Commissioner contends that Dahlenburg "filed exceptions to the ALJ's decision with the agency's Appeals Council two days [after August 8, 2021], on August 10, 2021 . . . . By filing exceptions with the Appeals Council after a prior remand, Plaintiff took affirmative steps to keep the matter at the administrative level. *See* C.F.R. § 404.984(b)(1)." [R. 25 at pg. 5]. The Commissioner's logic, then, is that Dahlenburg cannot have incurred those hours in preparing for this civil action if the administrative proceeding had not concluded, thus making the hours non-compensable under the EAJA. [*Id.* at pg. 5–6].

It is well-established that a court may only award attorney's fees for work performed before it. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (holding that a "for services performed before the Secretary, the Secretary is free to set a reasonable fee" and "[f]or services performed in a federal court where the court awards benefits, the attorney fee award

is limited to 25 percent of past-due benefits"). Other Circuits have recognized that the EAJA and its legislative history indicates that plaintiffs are "precluded from obtaining attorneys' fees for work done during the administrative stage of the case." *Berman v. Schweiker*, 713 F.2d 1290, 1296 (7th Cir. 1983); *see also Guthrie v. Schweiker*, 718 F.2d 104, 108 (4th Cir. 1983) ("[F]ees cannot be allowed for services rendered in the administrative proceedings. The district court can consider only services in connection with the judicial proceedings."); *Mendenhall v. NTSB*, 213 F.3d 464, 468 (9th Cir. 2000) ("[T]he EAJA provisions[,] the explicit holdings of the Supreme Court, [and] EAJA's substance itself counsel[] against relying on § 2412 as implicit authorization for this court to award attorneys' fees incurred in administrative proceedings prior to the filing of a civil suit."). Several courts in this Circuit have declined to award fees for services performed during prior administrative proceedings. *See e.g.*, *Lewis v. Comm'r of Soc. Sec.*, No. 2:12-cv-0490, 2014 U.S. Dist. LEXIS 135336, at *14 (S.D. Ohio Sep. 25, 2014) (deducting hours preparing correspondence to the Appeals Council from prior administrative proceeding as non-compensable); *Heisel v. Heckler*, 644 F. Supp. 74, 75 (N.D. Ohio 1986) (deducting some hours billed prior to plaintiff filing complaint to account for non-compensable hours from prior administrative proceeding); *Hall v. Sec'y of HHS*, Civil Action No. 84-CV-74908-DT, 1987 U.S. Dist. LEXIS 15707, at *11 (E.D. Mich. Oct. 9, 1987) ("Under the [EAJA], a plaintiff's counsel can only recover his attorney fees for those services which were performed in a court of law— not for those services rendered in an administrative proceeding.").

The Commissioner contends that the 1.85 hours billed on August 8, 2021 are not compensable under the EAJA because counsel accumulated the hours during the prior administrative proceeding. The procedure following the Secretary's issuance of an adverse decision is particularly relevant to whether the hours at issue are compensable. "[T]he decision of the administrative law judge or administrative appeals judge will become the final decision of the

Commissioner after remand [of the] case unless the Appeals Council assumes jurisdiction of the case." C.F.R. § 404.984(a). The Appeals Council may assume jurisdiction of a case after considering "written exceptions to the decision." *Id.* at (a). A claimant must file exceptions within 30 days of receipt of the ALJ's decision. *Id.* at (b). After a claimant files exceptions to a hearing decision, the Appeals Council may assume jurisdiction at any time. *Id.* at (b)(3).

Here, the record reflects that the ALJ made her decision following a hearing on June 10, 2021. [R. 16-1 at pg. 2211–25]. Dahlenburg untimely filed exceptions pursuant to C.F.R. §404.984 on August 9, 2021. [*Id.* at pg. 2206]. The record does not indicate that the Appeals Council ever accepted or declined jurisdiction of Dahlenburg's case; however, Dahlenburg withdrew her exceptions on February 2, 2022—nearly four months after the initiation of the instant judicial proceeding. Notably, Dahlenburg requests hours for preparing the Complaint for this judicial proceeding on October 1, 2022. [R. 23-3 at pg. 1]. It stands to reason that, sometime between Dahlenburg filing her exceptions with the Appeals Council (August 9, 2021) and her attorney starting to prepare a Complaint for this proceeding (October 1, 2022), Dahlenburg decided to pursue her claims through the courts rather than at the administrative level because, "as is often the case with litigation, theories, analyses, and research may be undertaken, reworked, and ultimately rejected by counsel," which is difficult to account for by merely examining the record or "the final product presented to the Court." *Pizzo v. Comm'r of Soc. Sec.*, No. 13-11344, 2014 U.S. Dist. LEXIS 173316, at *21 (E.D. Mich. Nov. 14, 2014). However, the hours at issue were incurred prior to Dahlenburg filing exceptions with the Appeals Council, indicating that counsel's strategy was to proceed at the administrative level at the time Dahlenburg's attorney recorded those hours. Dahlenburg does not offer the Court any reason to *not* deduct these hours as non-compensable. Thus, she has not met her burden to demonstrate that the hours billed on August 8, 2021 are reasonable. Accordingly, the Court shall deduct 1.85 hours from the total fee award.

**B. Reasonableness of Hourly Rate**

The Commissioner further challenges Dahlenburg's application for attorney's fees under the EAJA, contending that counsel's requested hourly rate of $250 is unreasonable in this District. [R. 25]. The amount of fees awarded in a social security matter "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The plaintiff bears the burden to demonstrate that a deviation from the statutory rate is appropriate. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Further, to exceed the statutory rate, the plaintiff must show that the "prevailing market rate" in the local community exceeds the statutory rate and "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Recently, this Court described the developing district practice with respect to awarding fees in social security matters:

> While judges in the Eastern District of Kentucky traditionally awarded the market rate of $125.00 per hour in most social security matters (*see Carson v. Colvin*, No. 13-94-GFVT, 2015 U.S. Dist. LEXIS 118866, at *7 (E.D. Ky. Sept. 8, 2015) (collecting cases)), it is important to note that the trend has recently been altered for certain types of cases, especially those which involve complex legal questions and substantive legal work both in this Court and on appeal before the United States Court of Appeals for the Sixth Circuit.

*Ison v. Kijakazi*, No. 7:21-CV-70-JMH, 2022 U.S. Dist. LEXIS 146206, at *4 (E.D. Ky. Aug. 16, 2022). Critically, the Sixth Circuit reviewed (and ultimately remanded) two Eastern District of Kentucky cases where the Court declined to depart from the statutory rate of $125. *Doucette v.*

*Comm'r of Soc. Sec.*, 13 F.4th 484 (6th Cir. 2021).[3]  The *Doucette* court noted that the $125 statutory rate "usually has nothing to do with the current market conditions or the value of comparable legal services," but, rather, is the "default rate" when a plaintiff "fail[s] to substantiate his request for a higher [rate]."  *Id.*  In fact, the Sixth Circuit cautioned district courts not to "give controlling weight to prior awards" when presented with other evidence.  *See id.* at 491.  Following that logic, the Court should also be hesitant to depart from the statutory rate of $125 when counsel offers little to no evidence to support such a departure.  *Cf. id.* at 492 (distinguishing Eastern District of Kentucky cases where the Court declined to depart from the statutory rate when plaintiffs failed to satisfy their burden to show the fee should be increased).

Importantly, the *Doucette* court determined that the plaintiffs had "more than substantiated their requested rates."  *Id.* at 492.  Counsel for the *Taylor* plaintiff, for instance, "submitted an affidavit reflecting his education, experience, and reputation."  *Taylor v. Berryhill*, No. 7:18-cv-071-JMH, 2019 U.S. Dist. LEXIS 115939, at *5–6 (E.D. Ky. July 12, 2019).  The Court observed that counsel's affidavit "demonstrate[d] that he has a distinguished educational and professional background[,]" including "work[ing] as a staff attorney at Appalachian Citizens' Law Center where his practice focuses primarily on federal black lung benefits."  *Id.*  Counsel "also submitted affidavits from several attorneys stating that the market rate for legal services of this kind [is] well above the statutory rate of $125 per hour.  All four attorneys who submitted affidavits opined that the market rate for Social Security cases in the Eastern District of Kentucky is higher than the statutory rate of $125 per hour."  *Id.*  Finally, counsel for the *Taylor* plaintiff submitted "economic and market data in support of the motion[,]" including (1) United States Bureau of Labor's Consumer Price index showing that $125 in 1996 was equivalent to $203.02 in October 2018

---

[3] *Doucette v. Comm'r of Soc. Sec.* consolidated review of two cases from the Eastern District of Kentucky: *Doucette v. Saul*, Civil Action No. 7:16-cv-00075-DCR (E.D. Ky. 2021) and *Taylor v. Kijakazi*, Civil Action No. 7:18-cv-00071-JMH (E.D. Ky. 2018).

dollars; and (2) statements supporting that, "based on market rates, the median hourly rate for a consumer law attorney in eastern Kentucky is $325." *Id.*

As both *Doucette* plaintiffs were located in the Pikeville Division of this District, the Court shall also examine a recent decision in the Frankfort Division where the Court authorized an upward departure from the statutory rate. In *McPherson v. SSA*, the Court authorized hourly rate of $214.29 for Frankfort Division case where counsel offered (1) affidavits from two attorneys in the Eastern District of Kentucky attesting to the prevailing hourly rate being between $200 and $500; and (2) the Consumer Price Index from the Bureau of Labor and Statistics to demonstrate a cost-of-living increase for attorney's fees beyond the statutory cap. *McPherson v. SSA*, No. 3:21-cv-00036-DCR, at *3 (E.D. Ky., August 10, 2022). Therein, the Court reiterated the principals set forth in *Bryant* and *Doucette*: that the burden of the burden is on the plaintiff to justify a departure from the "presumptive" statutory cap of $125.00 per hour. *Id.* at *2–4.

Here, Dahlenburg's evidence substantiating an upward departure from the statutory rate is a far cry from the showing made by the plaintiffs in *Doucette* or the recent decisions referenced above where this Court authorized a departure from the statutory rate. In support of a proposed fee of $250, Dahlenburg submitted a single affidavit by Mr. Wax, wherein he recites his credentials, including the courts in which he is admitted to practice; his 48 years of experience in disability law (including Social Security, Veterans, and employee disability cases); his experience teaching administrative law for 8 years; and his various lecturing experience on the topic of Social Security disability for over 25 years. [R. 23-1 at pg. 1]. He further indicates that "[t]here are a limited number of attorneys who practice in this area at the court level." [*Id.* at pg. 2]. Dahlenburg does not offer other affidavits or supporting evidence for an increased hourly fee.

Additionally, in her Reply, Dahlenburg again cites to *Smith v. Kijakazi* as an authority to justify a rate above the statutory minimum. No. 0:20-cv-00091-CHB (E.D. Ky., Aug. 1, 2022).

In that case, where Mr. Wax was also counsel, the Court only departed from the statutory minimum of $125 per hour because the Commissioner conceded that the statutory hourly rate should be adjusted to $203.94 in 2020 and $214.29 in 2021. *Id.* at *6. Here, the Commissioner has made no such concession because of Dahlenburg's failure to offer evidence to substantiate an upward adjustment. [R. 25]. While the Court may certainly rely on prior judicial findings to justify awarding attorney's fees higher than the statutory rate, *see Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1099 (6th Cir. 2016), the Court is not required to do so when a plaintiff failed to substantiate a higher rate. *See Doucette*, 13 F.4th at 492.

Unlike the plaintiffs in *Doucette*, Dahlenburg does not offer any evidence regarding the prevailing market rate for competent representation in social security cases in the Central Division of the Eastern District of Kentucky, nor *any* evidence regarding inflation or increased litigation costs. While the trend in this District is to increase the hourly rate above the $125 statutory minimum in social security cases, the Court is not required to do so when a plaintiff fails to offer a minimal showing that an upward departure is warranted. *Bryant*, 579 F.3d at 450. As Dahlenburg has not met her burden, the Court declines to raise counsel's hourly rate above the statutory cap of $125.

### III. CONCLUSION

Having considered the parties' respective briefs and the record, and the Court being otherwise sufficiently advised,

IT IS ORDERED that:

1. Plaintiff's Motion for Attorney's Fees [R. 23] is GRANTED in part, and DENIED in part;

2. Plaintiff is awarded attorney fees in the total of **Three Thousand Nine-Hundred and Seven Dollars and Ninety-Three Cents ($3,907.93)**, comprised of the following:

    a.   Plaintiff is awarded 27.85 hours at $125 per hour ($3,481.25) for attorney's fees under 28 U.S.C. § 2412(d).

    b.   Plaintiff is awarded $426.68 for costs and expenses incurred during this litigation pursuant to 28 U.S.C. § 2412(d).

3.   The fee award must be paid directly to the Plaintiff, not to her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017). Under *Astrue*, EAJA fees are to be paid directly to litigants, and they are subject to administrative offset for any federal debts the litigant owes. *Astrue*, 560 U.S. at 593. In this Circuit, the Court must award EAJA fees to the litigant directly, regardless of whether the Commissioner demonstrates existing federal debt. *See Bryant*, 578 F.3d at 448.

Signed November 23, 2022.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge